5/19/2022 4:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64681765
By: Cecilia Thayer
Filed: 5/19/2022 4:01 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GARRY HATTAWAY, KALA MILLER, and AMANDA YOCOM | § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | | |
| v. | | HARRIS COUNTY, TEXAS |
| BOWMAN SPECIALIZED SERVICES, LLC and DIEGO ANGEL YBANEZ | | |
| *Defendants*. | | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**

Plaintiffs, Garry Hattaway, Kala Miller, and Amanda Yocom, file this Original Petition complaining of the acts and omissions of Defendants, Bowman Specialized Services, LLC and Diego Angel Ybanez, and respectfully show as follows:

**I.
DISCOVERY LEVEL**

1. Plaintiffs request discovery under Level 3 of the Texas Rules of Civil Procedure.

**II.
PARTIES & SERVICE**

2. Plaintiff, Garry Hattaway, is an individual and resident of Louisiana.

3. Plaintiff, Kala Miller, is an individual and resident of Texas.

4. Plaintiff, Amanda Yocom, is an individual and resident of Texas.

5. Defendant, Bowman Specialized Services, LLC ("Bowman"), is a foreign limited liability company doing business in Texas with its principal office and principal place of business located at 401 S. Main Street, Carlsbad, New Mexico 88220. This defendant may be served through its registered agent, Stacy Bowman, located at 401 S. Main Street, Carlsbad, New Mexico 88220, or wherever they may be found. Plaintiffs request a citation.

6. Defendant, Diego Angel Ybanez, is an individual and New Mexico resident whose last known address is 311 S. Alameda Street, Carlsbad, New Mexico 88220. Mr. Ybanez's date of birth is August 13, 1997 and the last four digits of his New Mexico driver license number are

Exhibit A

0027. He may be served at his residence or wherever he may be found. Plaintiffs request a citation.

### III.
### MISNOMER/ALTER EGO

7. If any parties are misnamed or not included here, Plaintiffs contend that such an omission is a "misidentification," "misnomer," or an "alter ego" of the parties named here. Alternatively, Plaintiffs contend that any "corporate veils" should be pierced to properly include, in the interest of equity and justice, those who injured Plaintiffs.

8. Plaintiffs assert all rights and request all relief under Rule 28 and demand that Defendants answer in their true name, if it differs from that stated above.

### IV.
### JURISDICTION & VENUE

9. The subject matter in controversy is within the jurisdictional limits of this court.

10. This Court has personal jurisdiction over Defendants because all or a substantial part of the events giving rise to this dispute occurred in Texas, Defendants do business in Texas, and they committed a tort in Texas by injuring Texas residents during that business.

11. Bowman maintains its principal office in this state in Houston, Texas. Upon information and belief, Bowman's Houston office is manned and run by the President of its Gulf Coast Region, Dustin Vulgamore, located at 1906 Castlerock Drive, Houston, Harris County, Texas.

**Inquiries and Lunch & Learns**

For any inquiries, questions or commendations, please call our offices or fill out the form below.

We also provide detailed lunch and learns! Let Bowman Specialized Services provide you and a select team with a lunchtime presentation to learn about our strategic and dependable solutions, all on us.

Carlsbad, NM Office: (432) 310-3075
Houston, TX Office: (281) 825-1774
Houma, LA Office: (985) 790-3334

**Main Office**

401 S Main
Carlsbad, NM 98220
sales@bowmanss.com
(432) 310-3075

**Gulf Coast Offices**

Houma, LA
(985) 790-3334

Houston, TX
(432) 310-3075

2



As such, venue is proper in Harris County, Texas because it is the location of Bowman's principal Texas office. Tex. Civ. Prac. & Rem. Code 15.002(a)(3).

## V.
## FACTS

12. On February 21, 2022, at around 9:10 a.m., Plaintiffs were travelling westbound along State Highway 115 in a 2019 Ford F-250 in Andrews County, Texas. Plaintiffs were pulling a large travel trailer from Andrews to Kermit within the 75 MPH speed limit of SH 115. As they approached the intersection of SH 115 and Farm to Market Road 181, Plaintiffs had the right of way and did not face any traffic control device:



13. At the same time, Mr. Ybanez—and the rest of his Bowman crew of Robert Baze and Dion Bradshaw—were travelling southbound towards Plaintiffs on FM 181 in a 2019 Ford F-250, which was owned, leased, and/or otherwise controlled by Bowman. Mr. Ybanez had to stop and yield to Plaintiffs when he arrived at the intersection:



However, Mr. Ybanez failed to comply. When the Bowman crew arrived at the intersection, Mr. Ybanez recklessly, and with conscious disregard for the safety of others, failed to stop and/or failed to yield and slammed his truck into Plaintiffs' vehicle while Plaintiffs properly travelled through the intersection. The negligence of Mr. Ybanez caused his vehicle to strike Plaintiffs' vehicle with tremendous force.

14. The t-bone crash destroyed Plaintiffs' vehicle and required the jaws of life:

 

15. At the time of the crash, Mr. Ybanez was operating a vehicle in the course and scope of his employment with Bowman and/or within his duties for Bowman and/or to further Bowman's business interests. Upon information and belief, the rest of the Bowman crew—Mr. Baze and Mr. Bradshaw—were also within the course and scope of their employment with Bowman and/or acting within their duties for Bowman and/or furthering Bowman's business

4

interests. Upon information and belief, the Bowman vehicle was carrying materials, equipment, and documentation necessary for the Bowman crew to complete their work for Bowman. As such, the Bowman crew was acting within the course and scope of their employment and/or within their duties for Bowman at all relevant times.

16.     The investigating officer determined the crash occurred because Mr. Ybanez failed to yield the right of way to Plaintiffs at the intersection:



17.     The crash caused Plaintiffs severe injuries to their mind, head, neck, back, abdomen, knees, and other parts of their bodies. Due to their serious injuries, Plaintiffs received substantial medical treatment and, likely, will continue to need substantial medical treatment in the future. Plaintiffs also sustained, and will in all likelihood continue to sustain in the future, severe pain, suffering, anguish, impairment, disfigurement, and loss of earnings and earning capacity. Plaintiffs will never be the same as they were before the crash.

## VI.
## DEFENDANTS' LIABILITY

18.     Plaintiffs incorporate all the above paragraphs by reference here fully.

### A.  *Negligence and Negligence* Per Se *of Mr. Ybanez*

19. Mr. Ybanez was operating a motor vehicle to further Bowman's business interests. As such, he had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under circumstances like those described herein. At all relevant times, Mr. Ybanez was operating the subject vehicle while acting in the course and scope of his employment with and/or within his duties for Bowman. Plaintiffs were injured because of Mr. Ybanez's breach of these duties, and such injuries were reasonably foreseeable based on Mr. Ybanez's conduct.

20. The statutory violations and negligent acts and omissions of Mr. Ybanez were a direct and proximate cause of this crash and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence *per se*. Mr. Ybanez's violations of these rules and statutes created the very risk of injury to Plaintiffs, and others, that state and federal standards were designed to protect against.

21. Mr. Ybanez's negligent, reckless, and careless disregard of these duties consisted of, but is not limited to, these acts and omissions:

    a. failing to maintain a safe speed given the circumstances;

    b. failing to pay adequate attention to other vehicles in and on the roadway;

    c. failing to keep a proper lookout for Plaintiffs that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    d. failing to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failing to apply his brakes in order to avoid the collision in question;

    e. failing to keep a safe distance from Plaintiffs' vehicle;

    f. driving distracted;

    g. failing to maintain control of his vehicle;

    h. operating a motor vehicle in an unsafe manner;

    i. failing to yield the right of way to Plaintiffs;

  j. violating the Texas Transportation Code, including the following:

    i. failing to stop and/or yield in violation of § 545.151 (Vehicle Approaching or Entering an Intersection) and § 545.153 (Vehicle Entering Stop or Yield Intersection);

    ii. make an unsafe turn in violation of § 545.103 (Safely Turning); and

    iii. failing to control speed in violation of § 545.351 (Maximum Speed Requirements);

  k. failing to use care that would have been exercised by a person of ordinary prudence under the same or similar circumstances; and

  l. such other acts considered negligent, as discovery of this case will reveal and that may be proven at trial.

22. It was reasonably foreseeable Mr. Ybanez's failures identified herein would cause severe injury to other motorists, including Plaintiffs. In fact, Mr. Ybanez's negligent, careless, and reckless disregard of these duties proximately caused Plaintiffs' injuries.

**B.** ***Negligence and Negligence* Per Se *of Bowman***

23. Plaintiffs incorporate all other paragraphs by reference here fully.

24. Bowman was and is a company operating motor vehicles for profit. Bowman had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances described herein. Bowman also owed Plaintiffs, and others, a duty to use ordinary care in hiring, training, supervising, retaining, and monitoring employees, including Mr. Ybanez, and entrusting a vehicle to him. Bowman knew or should have known that Mr. Ybanez was unfit, incompetent, and/or reckless and that his employment created an unreasonable risk of harm to Plaintiffs and others. Plaintiffs were injured because of Defendants' breach of these duties and such injuries were reasonably foreseeable based on Defendants' conduct.

25. The statutory violations and negligent acts and omissions of Bowman discussed herein were a direct and proximate cause of this crash and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence *per se*. Bowman's violations

of these rules and statutes created the very risk of injury to Plaintiffs, and others, that state and federal standards were designed to protect against.

    i.    *Negligent Entrustment and Negligent Hiring*

26. Bowman owned, leased, or otherwise controlled the motor vehicle operated by Mr. Ybanez at the time of the crash. Mr. Ybanez, at the time of the crash and at all relevant times prior, was an unlicensed, incompetent, unfit, unqualified, and/or reckless driver.

27. Bowman entrusted the motor vehicle to Mr. Ybanez when it knew or, through the exercise of reasonable care, should have known that Mr. Ybanez was an unlicensed, incompetent, unfit, unqualified, and/or reckless driver. Likewise, Bowman hired Mr. Ybanez when it knew or, through the exercise of reasonable care, should have known that Mr. Ybanez was an unlicensed, incompetent, unfit, unqualified, and/or reckless employee.

28. As discussed herein, Mr. Ybanez was negligent in causing the crash, and Mr. Ybanez's negligence was the proximate cause of Plaintiffs' injuries and damages. Therefore, Bowman is liable for negligent entrustment and negligent hiring.

    ii.    *Negligent Training, Supervision, and Retention*

29. Bowman was negligent for failing to adequately train certain of its employees and/or drivers, including Mr. Ybanez. Bowman owed a duty to ensure that all its employees and/or drivers, including Mr. Ybanez, were competent in their job duties. Because Bowman failed to train, or failed to provide adequate training, to certain of its employees and/or drivers, including Mr. Ybanez, Bowman breached in its duty to adequately train its employees. This failure proximately caused injury and damages to Plaintiffs.

30. Bowman was also negligent for failing to adequately supervise certain of its employees and/or drivers, including Mr. Ybanez, up to the time of the crash. Proper supervision by Bowman would have revealed that certain of its employees and/or drivers, including Mr. Ybanez, were unlicensed, incompetent, unfit, unqualified, and/or reckless. As such, it was reasonably foreseeable that Bowman's failure to train or supervise certain of its employees and/or

8

drivers, including Mr. Ybanez, would cause severe injury to other motorists, including Plaintiffs. Accordingly, Bowman's negligent lack of training and/or supervision of its employees and/or drivers, including Mr. Ybanez, was a proximate cause of Plaintiffs' injuries and damages.

31. Bowman was negligent in retaining certain of its employees and/or drivers, including Mr. Ybanez, as employees and allowing them to continue performing their job duties, including driving a motor vehicle, prior to and at the time of the crash. These negligent acts or omissions were a proximate cause of Plaintiffs' injuries and damages, rendering Bowman directly liable.

    iii.    *Negligence and Negligence* Per Se

32. Bowman's negligent, reckless, and careless disregard of its duties owed include, but are not limited to, these acts and omissions:

    a. Failing to create, provide, and/or enforce adequate policies and procedures regarding driver hiring, driver training, driver safety, commercial motor vehicle operation, motor carrier safety, and/or motoring public safety;

    b. Failing to follow and/or adhere to policies and procedures regarding driver hiring, driver training, driver safety, commercial motor vehicle operation, motor carrier safety, and/or motoring public safety;

    c. failing to do what a reasonably prudent employer and/or commercial motor vehicle operator would do under the same and similar circumstances;

    d. Violating the Texas Transportation Code;

    e. Violating the Federal Motor Carrier Safety Regulations; and

    f. such other acts considered negligent, as discovery of this case will reveal and that may be proven at trial.

33. It was reasonably foreseeable Bowman's failures identified herein would cause severe injury to other motorists, including Plaintiffs. In fact, Bowman's negligent, careless, and reckless disregard of these duties proximately caused Plaintiffs' injuries.

**C.**     ***Vicarious Liability of Bowman***

34. Plaintiffs incorporate all other paragraphs by reference here fully.

35. Whenever Plaintiffs allege that Bowman did or failed to do an act or omission, Plaintiffs mean that Bowman, acting individually, or by and through its agents, officers, directors, servants, and employees, either did or failed to do that act or omission. This applies to acts or omissions by Mr. Ybanez, in the course and scope of his employment, agency, or contract to advance Bowman's business.

36. At the time of the crash and immediately prior thereto, Mr. Ybanez was:

   a. acting within the course and scope of his employment for Bowman;

   b. engaged in the furtherance of Bowman's business;

   c. engaged in accomplishing a task for which he was employed by Bowman; and/or

   d. acting within his duties for Bowman.

37. Therefore, under the doctrine of respondeat superior Bowman is vicariously liable for the conduct of its agents, officers, directors, servants, and employees, including Mr. Ybanez, as further outlined herein. Further, each of the above negligent acts and/or omissions were a proximate case of the collision in question and the resulting injuries and damages to Plaintiffs.

### D.   Gross Negligence of All Defendants

38. Plaintiffs incorporate all the above paragraphs by reference here fully.

39. The acts and omissions of Defendants discussed herein, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risks of their conduct, but still proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs and others.

40. Moreover, Bowman was grossly negligent for recklessly hiring, training, supervising, retaining, and monitoring Mr. Ybanez, and entrusting a commercial motor vehicle to Mr. Ybanez, who was unfit, incompetent, and/or reckless. Bowman is grossly negligent because of recklessly entrusting a commercial motor vehicle to Mr. Ybanez, who was unfit, incompetent,

and/or reckless. Bowman's reckless failure to properly train, failure to supervise, reckless retention, and reckless entrustment of a commercial motor vehicle to Mr. Ybanez, proximately caused Plaintiffs' injuries and damages, which injuries and damages were reasonably foreseeable from such conduct and, as a result, should be subjected to exemplary damages.

41. Bowman was grossly negligent when they (1) committed gross negligence itself, (2) authorized or ratified an agent's gross negligence, (3) was grossly negligent in hiring an unfit agent, and/or (4) committed gross negligence through the actions or inactions of a vice-principal. Defendants' gross negligence, both individually, and acting by and through their employees, agents, drivers, officers, managers, and representatives in the course of employment, proximately caused Plaintiffs' injuries and damages. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VII.
## DAMAGES

42. Plaintiffs incorporate all the above paragraphs by reference here fully.

43. As a direct and proximate result of the crash, Plaintiffs suffered severe injuries and have incurred, or will incur, substantial damages. Plaintiffs have suffered, and in reasonable probability will continue to suffer in the future, the following physical, pecuniary, and emotional damages:

    a. reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the crash complained of here and such charges are reasonable and were usual and customary charges for such services;

    b. reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

    c. costs of medical monitoring and prevention in the future;

    d. physical pain and suffering in the past and future;

    e. physical impairment in the past and future;

    f. mental anguish in the past and future;

    g. physical disfigurement in the past and future;

  h. loss of earnings and/or earning capacity in the past;

  i. loss of future earning capacity;

  j. loss of household services in the past and future;

  k. exemplary damages;

  l. court costs; and

  m. any and all other damages to which Plaintiffs show entitlement in law or equity through the course of this proceeding.

## VIII.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

44. Plaintiffs request that the Jury decide the appropriate amount of Plaintiffs' compensation. However, because Texas Rule of Civil Procedure 47 requires Plaintiff to identify the amount of monetary relief sought, Plaintiffs preliminarily request over $1,000,000 in damages.

## IX.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

45. Plaintiffs gives notice that they intend to use all discovery instruments produced in this case at trial. Tex. R. Civ. P. 193. Such discovery instruments include, but are not limited to, all documents Defendants produce with their required disclosures and in response to Plaintiffs' written discovery requests.

## X.
## REQUEST FOR JURY TRIAL

46. Plaintiffs request a jury trial.

## XI.
## CONCLUSION & PRAYER

47. For these reasons, Plaintiffs pray that the Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with exemplary damages; pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of

court; and such other and further relief to which the Court determines Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

/s/ *Michael E. Streich*
Michael E. Streich
Texas State Bar No. 24079408
mstreich@zehllaw.com
Charles M. Stam
Texas State Bar No. 24106462
cstam@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Fax: (713) 583-8545

**ATTORNEYS FOR PLAINTIFFS**
